UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SHURIZ HISHMEH, M.D., PLLC
a/a/o B.P. WHITE,

                      Plaintiff,                    **MEMORANDUM AND ORDER**

    - against -                                   19-CV-4727 (RRM) (PK)

HORIZON BLUE CROSS BLUE SHIELD
OF NEW JERSEY,

                      Defendant.
-------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Shuriz Hishmeh, a physician, brings this action as assignee of a patient, B.P. White, against White's medical insurer, defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), principally alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Second Am. Compl. ("SAC") (Doc. No. 1-2).) Horizon now moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that the relevant employee benefit plan (the "Plan") contains a non-assignment clause and that Hishmeh therefore lacks standing to sue. (Mot. to Dismiss (Doc. No. 12).) For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

### I.    Relevant Facts

      The following facts are drawn from plaintiff's Second Amended Complaint and are assumed to be true for the purposes of this memorandum and order.

      On November 16, 2015, Hishmeh, an orthopedic physician, rendered medical services to White. (SAC (Doc. No. 1-2) ¶ 25.) At the time, White maintained a healthcare insurance policy through defendant Horizon that provided benefits for medical care and treatment (the "Plan").

(*Id.* ¶ 9.)  The insurance policy was part of an employee benefits plan and is thus subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.  (*Id.* ¶ 16.)  White, in relation to the medical treatment rendered by Hishmeh, assigned all of his rights and benefits of his insurance policy to Hishmeh.  (*Id.* ¶ 21.)

Hishmeh is considered an "out-of-network" provider as set forth in Horizon's insurance policy.  (*Id.* ¶ 27.)  Hishmeh billed Horizon in the amount of $114,289.06, which is his "usual and customary rate" for the type of medical services rendered.  (*Id.* ¶ 29.)  To present, Horizon has only made partial payment in the amount of $7,536.50. (*Id.* ¶ 30.)

II.     Complaint and Motion to Dismiss

Hishmeh commenced this action in the Supreme Court of the State of New York, County of Nassau, on or about May 6, 2019.  (Notice of Removal (Doc. No. 1) ¶ 4.)  He filed a First Amended Complaint on or about June 11, 2019, and then a Second Amended Complaint ("SAC") on June 14, 2019.  (*Id.* ¶¶ 6-7.)  On August 19, 2019, Horizon removed the case to this Court.  (*Id.*)

Hishmeh alleges three causes of action in the SAC, only two of which he intends to pursue.  First, suing as an assignee under ERISA § 502 (a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which authorizes a Plan participant or his/her assignee to bring a civil action to recover benefits due under the Plan and to seek a declaratory judgment, he alleges that Horizon "failed and refused to make full payment" for the medical services rendered, and that Horizon thus owes him the benefits due under the Plan.  (SAC, ¶¶ 30-32.)   Second, he alleges that Horizon "breached its contractual obligations" under the Plan by failing to properly compensate Plaintiff.  (*Id.* ¶ 38.)  Hishmeh is seeking $106,752.56 for each count for the "unpaid invoice(s), together with the costs and distributions of this action, including reasonable attorney's fees and interest."  (*Id.* ¶¶

2

33, 42.) The SAC also contains a third cause of action, alleging unjust enrichment, but Hishmeh has conceded that he no longer intends to pursue this claim. (Pl.'s Opp. (Doc. No. 13) at 8; *see also* Letter Reply to Request for Pre-Motion Conference (Doc. No. 10) at 3 (same).)

Horizon now moves to dismiss the Second Amended Complaint for failing to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Horizon submits a document, purporting to be a benefits handbook detailing the Plan, to demonstrate that the plan at issue contains an anti-assignment provision, which stipulates: "The Employee may not assign his or her right to take legal action under this Policy to such provider." (Mot. to Dismiss, Ex. A ("Exhibit A") (Doc. No. 12–3) at 25.) Based on this submission, Horizon argues that Hishmeh lacks standing to assert a claim under ERISA § 502(a)(1)(B) because there is a valid anti-assignment provision in the Plan. (Mot. to Dismiss (Doc. No. 12-1) at 9.) Second, Horizon contends that the breach of contract claim—a state law claim—is preempted by ERISA § 514. (*Id.* at 6.)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In all cases a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the "facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as matters of which judicial notice may be taken." *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir. 1993). Courts may also consider "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference," as well as "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint." *Environmental Servs. v. Recycle Green Servs.,* 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.) Such consideration is appropriate where the "material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint. This exception thus prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." *Glob. Network Communs., Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (internal quotations omitted) (citations omitted).

## DISCUSSION

### I. The Court May Consider the Plan

Here, Hishmeh's claims rely upon alleged contractual obligations arising under the Plan, but Hishmeh did not append the Plan to his SAC or incorporate it by reference. (*See generally* SAC.) Horizon attaches the Plan in its motion papers. (Exhibit A.) In his response, Hishmeh neither disputes Exhibit A's authenticity nor objects to its place in the record. Hishmeh

previously filed a similar action in this District against another insurance provider, where his complaint also failed to attach any policy document or incorporate any such document by reference. *See Hishmeh v. Empire Healthchoice HMO, Inc.*, No. 16-cv-2780 (ADS) (ARL), 2017 U.S. Dist. LEXIS 23130, at *4 (E.D.N.Y. Feb. 17, 2017). In that case, the defendant insurer included in its motion to dismiss documents detailing the insurance policy underlying Hishmeh's claims, and Hishmeh did not dispute their authenticity or object to their inclusion in the record. *Id*. As in that case, because the Plan submitted by Horizon in Exhibit A "[is] apparently integral to Dr. Hishmeh's claims and [was] apparently relied upon in framing his pleadings, the Court finds that [it is] appropriate to consider in adjudicating the present motion." *Id*.

    II.    <u>Plaintiff Lacks Standing to Assert an ERISA § 502(a)(1)(B) Claim</u>

For an out-of-network provider to bring a cause of action under ERISA, the assignment of benefits must be valid. *See Neurological Surgery, P.C. v. Travelers Co.*, 243 F. Supp. 3d 318, 326 (E.D.N.Y. 2017). If a plan contains an unambiguous anti-assignment provision, any assignment in the face of that clause is invalid. *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 147 (2d Cir. 2017); *see also LI Neuroscience Specialists v. Blue Cross Blue Shield of Florida*, 361 F. Supp. 3d 348, 353–54 (E.D.N.Y. 2019) (affirming "the ineffectiveness of assignments of ERISA plan benefits where the plan contains an unambiguous anti-assignment provision") (collecting cases).

Here, the anti-assignment provision in the Plan is unambiguous and so must be enforced. In fact, the District Court of New Jersey found this exact anti-assignment provision in Horizon's insurance plan to be unambiguous and therefore enforceable. *See University Spine Center v.*

5

*Horizon Blue Cross of New Jersey*, 2017 WL 6372238 (D. N.J. Dec. 12, 2017). Accordingly, the identical anti-assignment clause in this case is valid and bars plaintiff's ERISA claim.

  Hishmeh's arguments against enforcing the anti-assignment provision do not hold weight. First, he cites the Second Circuit's finding in *Montefiore* that "beneficiaries may assign their rights under ERISA § 502(a)(1)(B) to health care providers that have contracted to bill a benefit plan directly." *Montifiore Med. Ctr. V. Teamsters Local 272,* 642 F.3d 321, 330 (2d Cir. 2011). However, this Court's decision is perfectly consistent with *Montifiore*, as patients are free to assign benefits under their plan provided that the assignment is valid, which is not the case here. Hishmeh next argues that public policy warrants acceptance of the patient's assignment, since provider-assignees are in the best financial position to pursue an ERISA suit; however, other courts in this Circuit have rejected these public policy considerations due to their inconsistency with *McCulloch*. *See, e.g.*, *LI Neuroscience Specialists*, 361 F. Supp at 355. Finally, Hishmeh argues that Horizon waived its right to invoke the anti-assignment provision through its course of dealing. Courts have "repeatedly rejected" the argument that health insurance companies "waive" the anti-assignment provision by making prior payments to healthcare providers. *See Mbody Minimally Invasive Surgery, P.C.,* No. 13-CV-6551 (TPG), 2014 WL 4058321, at *3 (S.D.N.Y. Aug. 15, 2014); *see also Neuroaxis Neurosurgical Assoc., PC*, 919 F. Supp. 2d 345, 355-56 (S.D.N.Y. 2013) ("[p]rior payments to healthcare providers do[] not create a viable estoppel claim . . . where ERISA plans unambiguously prohibit assignments."). Accordingly, Hishmeh's arguments fail.

  Because the anti-assignment provision in this case is unambiguous, the assignment of benefits is not valid and Hishmeh lacks standing to bring his ERISA claim.

    III.    <u>Plaintiff's Second Cause of Action is Preempted by ERISA § 514</u>

ERISA § 514 provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47 (1987). Hishmeh's second cause of action alleges that Horizon "breach[ed] its contractual obligations" under the Plan. (SAC ¶ 38.) This breach of contract claim – a state law claim – references the Plan and directs the Court's inquiry to the Plan's contractual obligations, and so relates to the employee benefit plan. Accordingly, this claim is preempted by ERISA § 514.

Hishmeh disputes that this is a state-law claim, instead contending that it is a cause of action for "failure to properly interpret and apply" the insurance plan, predicated on ERISA, 29 U.S.C. § 1132(a)(1)(B). (Pl.'s Opp. (Doc. No. 13) at 8.) Even if this Court were to accept Plaintiff's argument that this was an ERISA claim, plaintiff would lack standing to bring the claim because the anti-assignment provision is enforceable, as discussed above.

## CONCLUSION

For the reasons set forth above, Horizon's motion to dismiss is granted. The Clerk of Court is respectfully directed to enter judgment in favor of defendant Horizon and to close this case.

                                                                        SO ORDERED.

Dated: Brooklyn, New York                          *Roslynn R. Mauskopf*
       September 28, 2020

                                                        ROSLYNN R. MAUSKOPF
                                                        Chief United States District Judge